**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION**

**CASE NO: 1:19-cv-22057**

**COSME COLDERON,**

    Plaintiff,

v.

**CDM LANDSCAPING, CORP.,**
a Florida Corporation, and
**ABRAHAM HERNANDEZ**, individually,

    Defendants.

_____/

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, Defendants CDM LANDSCAPING, CORP. and ABRAHAM HENANDEZ (collectively "Defendants") hereby jointly file this Notice of Removal to remove this case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division on the following grounds:

1. On March 29, 2019, Plaintiff Cosme Colderon ("Plaintiff") filed a Complaint against Defendants in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2019-009409 CA 01, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the anti-retaliation provisions of the Florida Workers' Compensation Law, Section 440.205, Florida Statutes. (*See* **Exh. "1"**, Complaint, ¶ 1)

2. On April 24, 2019, Plaintiff effected service of process by personally serving a copy of the Summons and Complaint in the Action on both defendants at 340 West 53rd Terrace, Hialeah, FL. In accordance with 28 U.S.C. § 1446(a), copies of the Notice of Commencement

of Action, Complaint, and all papers and process served upon or received by Defendants are attached to this Notice as for each defendant are attached hereto as **Exh. "2" and Exh. "3"**.  No further proceedings have occurred in the state court action.

3. Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal within 30 days after receipt of a copy of Plaintiff's initial pleading.

4. Venue is proper in this district under 28 U.S.C. § 1446 (a) as the United States District Court for the Southern District of Florida is the federal district court to which cases pending in the above-referenced state court can be removed.

5. The Complaint is a civil action comprising five claims, four of which arise under the laws of the United States as described in Paragraph 8 below.

6. Removal of this action to this Court is proper under 28 U.S.C. § 1441 because this Court would have original jurisdiction of this action under 28 U.S.C. §1331.

7. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

8. Accordingly, Plaintiff's claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (failure to pay overtime premium and retaliation) in Counts I, II, III and IV provide the basis for this Court's jurisdiction.

9. This Court has supplemental jurisdiction over Plaintiff's state law claim for alleged violation of the anti-retaliation provisions of the Florida Workers' Compensation Act asserted in Count V.  The same occurrence and controversy central to Court V -- Plaintiff's termination – is common and

central to Plaintiff's federal claims asserted in counts III and IV (FLSA retaliation). With regard to the state law claim in Count V, Plaintiff relies on the same facts that support his federal claims, and Defendants will rely upon the same facts that support their defenses to the federal claims. Therefore, Plaintiff's state and federal claims derive from a common nucleus of operative facts such that the exercise of supplemental jurisdiction is appropriate. Thus, it will preserve judicial resources if this one court adjudicates the parties' entire controversy.

10. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's claims under Section 440.205, Florida Statutes. In accordance with 28 U.S.C. §1367: (1) the state claim does not raise a novel or complex issue of state law; (2) the state claim does not substantially predominate over the claims over which the district court would have original jurisdiction; (3) the district court has not dismissed all claims over which it has original jurisdiction; and (4) there are no exceptional circumstances or other compelling reasons for declining supplemental jurisdiction.

11. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of the Notice of Removal with the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and will provide written notice of this Notice of Removal to Plaintiff.

12. All defendants consent to removal of this case to federal court.

13. Based on the foregoing, Defendants have met their burden of establishing that this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a), and that this action is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants hereby jointly remove this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Dated this May 21, 2019

                                                  Respectfully submitted,

*/s/Mark J. Beutler*
Mark J. Beutler, Esq.
Florida Bar No. 0023400
Email: mjb@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9100 S. Dadeland Boulevard, Suite 1500
Miami, FL 33156
Telephone: (786)-497-7710
Facsimile: (786) 513-4651

*/s/W. Daniel Zaffuto*
W. Daniel Zaffuto, Esq.
Florida Bar No. 0743461
Email: daniel.zaffuto@zaffutolaw.com
**W. DANIEL ZAFFUTO, P.A.**
1108 Kane Concourse, Suite 212
Bay Harbor Islands, FL 33154
Telephone: (305) 428-2197
Facsimile: (305) 428-2338

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by email on all counsel or parties of record identified on the attached Service List.

*/s/ Mark J. Beutler*
Mark. J. Beutler

## SERVICE LIST

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz., Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005