Filing # 87038534 E-Filed 03/27/2019 12:09:53 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: _____

COSME COLDERON,

    Plaintiff,

v.

CDM LANDSCAPING, CORP.,
a Florida Profit Corporation, and
ABRAHAM HERNANDEZ, individually,

    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, COSME COLDERON, ("Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendants CDM LANDSCAPING, CORP. and ABRAHAM HERNANDEZ, individually (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, for retaliation in violation of the FLSA and in violation of Section 440.205 of the Florida Statutes, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, CDM LANDSCAPING, CORP., having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, ABRAHAM HERNANDEZ, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, CDM LANDSCAPING, CORP.

6. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

### PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was employed with Defendant from on or about December 16, 2016 to on or about November 26, 2018 as a non-exempt employee.

9. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

10. Defendant failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty

(40) within a single work week, as proscribed by the laws of the United States and the State of Florida.

11. Plaintiff continually made complaints about not being properly paid for overtime hours as this was an ongoing issue. Plaintiff's last complaint was made on or about December 2018.

12. In addition, Plaintiff was injured while working for Defendant when he twisted his ankle.

13. When Plaintiff attempted to return to work for Defendant after being injured, which was also shortly after Plaintiff's last complaint about not being properly paid overtime wages, Defendant terminated Plaintiff.

14. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful retaliation.

15. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### CDM LANDSCAPING, CORP.

16. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

Case 1:19-cv-22057-JEM Document 1-1 Entered on FLSD Docket 05/21/2019 Page 4 of 13

18. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

24. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

26. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
### *FLSA Violation Against*
### *ABRAHAM HERNANDEZ*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

28. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation Against CDM LANDSCAPING, CORP.*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

33. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

34. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

35. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

36. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### FLSA Retaliation Against
### ABRAHAM HERNANDEZ

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

38. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

39. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

40. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

41. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

   intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### Retaliation under Fla. Stat. § 440.205 Against CDM LANDSCAPING, CORP.

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

43. Plaintiff's work-related injury required medical treatment.

44. Plaintiff reported his injuries to Defendant through its agent.

45. Thereafter, Defendant discharged Plaintiff and did not allow him to re-commence work for the Defendant.

46. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

47. The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

48. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

49. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

50. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 3/27/19

Respectfully submitted,

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: _____

COSME COLDERON,

    Plaintiff,

v.

CDM LANDSCAPING, CORP.,
a Florida Profit Corporation, and
ABRAHAM HERNANDEZ, individually,

    Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** CDM LANDSCAPING, CORP., through its Registered Agent:

    ABRAHAM HERNANDEZ
    340 W 53 TERRACE
    HIALEAH, FL 33012

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                              DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: _____

COSME COLDERON,

    Plaintiff,

v.

CDM LANDSCAPING, CORP.,
a Florida Profit Corporation, and
ABRAHAM HERNANDEZ, individually,

    Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** ABRAHAM HERNANDEZ

    ABRAHAM HERNANDEZ
    340 W 53 TERRACE
    HIALEAH, FL 33012

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                                                  DATE

_____
(BY) DEPUTY CLERK