**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION**

**CASE NO: 1:19-cv-22057**

**COSME COLDERON,**

    Plaintiff,

v.

**CDM LANDSCAPING, CORP.,**
a Florida Corporation, and
**ABRAHAM HERNANDEZ**, individually,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, CDM LANDSCAPING, CORP. and ABRAHAM HERNANDEZ ("Defendants"), file this Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. No. 1]. In response to the numbered paragraphs of the Complaint, Defendants state:

1. Paragraph 1 characterizes this action and no response is required. To the extent a response is required, Defendants deny the allegations.

2. Defendants admit that the United States District Court for the Southern District of Florida has jurisdiction over this controversy. All other allegations in Paragraph 2 are denied.

3. Defendants are without knowledge as to Plaintiff's current residency and therefore deny the allegation. All other allegations in Paragraph 3 are denied.

4. Defendants admit that they do business in Miami-Dade County. All other allegations in Paragraph 4 are denied.

5. Admitted.

6. Defendants admit that venue is proper in the United States District Court for the Southern District of Florida. All other allegations in Paragraph 6 are denied.

7. Defendants admit that the listed forms of relief are sought. Defendants deny that such relief is warranted. All other allegations in Paragraph 7 are denied.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Denied.

9. Defendants admit that Plaintiff worked in excess of 40 hours on at least one or more work weeks. Defendants deny that plaintiff was not paid for the hours worked. All other allegations in Paragraph 9 are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendants are without knowledge as to Plaintiff's arrangements with his attorneys and therefore deny the allegations. All other allegations in Paragraph 15 are denied.

### Count I
*Wage and Hour Federal Statutory Violation Against*
*CDM LANDSCAPING, CORP.*

16. Defendants incorporate their responses to Paragraphs 1 through 15.

17. Paragraph 17 characterizes the cause of action and no response is required. To the extent a response is required, Defendants deny the allegations.

18. Defendants admit that the quoted language can be found in the referenced statute. All other allegations in Paragraph 18 are denied.

19. Defendants admit that the United States District Court for the Southern District of Florida has jurisdiction over this controversy. All other allegations in Paragraph 19 are denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

In response to the ad damnum clause following Paragraph 26, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

## Count II
### *FLSA Violation Against*
### *ABRAHAM HERNANDEZ*

27. Defendants incorporate their responses to Paragraphs 1 through 15.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

In response to the ad damnum clause following Paragraph 31, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

### Count III
*FLSA Retaliation Against*
*CDM LANDSCAPING, CORP.*

32. Defendants incorporate their responses to Paragraphs 1 through 15.

33. Defendants admit that the quoted language can be found in the referenced statute. All other allegations in Paragraph 33 are denied.

34. Denied.

35. Denied.

36. Denied.

In response to the ad damnum clause following Paragraph 36, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

### Count IV
*FLSA Retaliation Against*
*CDM LANDSCAPING, CORP.*

37. Defendants incorporate their responses to Paragraphs 1 through 15.

38. Defendants admit that the quoted language can be found in the referenced statute. All other allegations in Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

In response to the ad damnum clause following Paragraph 41, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

### Count V
*Retaliation Under Fla. Stat. § 44.205 Against*
*CDM LANDSCAPING, CORP.*

42. Defendants incorporate their responses to Paragraphs 1 through 15.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

In response to the ad damnum clause following Paragraph 50, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

## **AFFIRMATIVE DEFENSES**

Without admitting liability or the burden of proof as to Plaintiff's allegations, Defendants state their affirmative defenses as follows:

1. Plaintiff was never employed by Defendants.

2. Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

3. All or part of the time which Plaintiff seeks compensation does not constitute compensable working time, including all meal periods in accordance with 29 C.F.R. § 785.19.

4. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

CASE NO: 1:19-cv-22057

6. Any periods of overtime that Defendants did not have actual or constructive knowledge of are not compensable.

7. Backpay for work not performed by Plaintiff as a consequence of any purported wrongful termination (whether under the FLSA or the Florida Worker's Compensation Law), as well as front pay and injunctive relief, is not recoverable to the extent Plaintiff's employment was in violation of the Immigration Reform and Control Act of 1986.

8. Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

Dated this May 28, 2019

Respectfully submitted,

*/s/Mark J. Beutler*
Mark J. Beutler, Esq.
Florida Bar No. 0023400
Email: mjb@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9100 S. Dadeland Boulevard, Suite 1500
Miami, FL 33156
Telephone: (786)-497-7710
Facsimile: (786) 513-4651

*/s/W. Daniel Zaffuto*
W. Daniel Zaffuto, Esq.
Florida Bar No. 0743461
Email: daniel.zaffuto@zaffutolaw.com
**W. DANIEL ZAFFUTO, P.A.**
1108 Kane Concourse, Suite 212
Bay Harbor Islands, FL 33154
Telephone: (305) 428-2197
Facsimile: (305) 428-2338

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      */s/ Mark J. Beutler*_____
      Mark. J. Beutler

## SERVICE LIST

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz., Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005